# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GERALD STEPHAN REITZ,**

        **Petitioner,**

        v.                         Case No. 15-CV-824

**KOSSANDRA MOLL,**

        **Respondent.**

## ORDER

On July 7, 2015, Gerald Stephan Reitz filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Accompanying his habeas petition was a petition and affidavit to proceed without prepayment of fees or costs. (ECF No. 2.) Based upon the information contained on this form, the court finds that Reitz lacks the resources to pay the $5.00 filing fee and therefore grants his petition to proceed without prepaying the filing fee.

Reitz has consented to the full jurisdiction of a magistrate judge (ECF No. 4), and therefore the court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

According to his petition, Reitz was convicted on January 14, 2013 in St. Croix County Circuit Court of his fourth offense of operating while intoxicated. (ECF No. 1-1 at 1.) He contends that he was not properly afforded credit for certain time he already served in jail.

Title 28, United States Code, Section 2241(d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

There are two judicial districts in Wisconsin. 28 U.S.C. § 130. Reitz was convicted in St. Croix County, which is in the Western District of Wisconsin. 28 U.S.C. § 130(b). Reitz is not detained in an institution but rather is on active community supervision and, according to information he provided to the court, is residing in Rice Lake, Wisconsin. Rice Lake is located in Barron County, which also is in the Western District of

Wisconsin. 28 U.S.C. § 130(b). Thus, the present petition was not properly filed in the Eastern District of Wisconsin.

Further, having reviewed Reitz's petition, the court concludes that it would not be appropriate to transfer this matter to the Western District of Wisconsin because it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. Specifically, Reitz states that he has not appealed the state court judgment. (ECF No. 1 at 3.) Before turning to a federal court for relief by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254, a person convicted in state court must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A), (c).

Moreover, Reitz's petition appears to be untimely. Reitz was sentenced on January 14, 2013 and an amended judgment of conviction was filed on August 28, 2013. (ECF No. 1-1.) There is no indication that Reitz made any effort to pursue post-conviction relief. Therefore, Reitz's conviction became final 20 days after the date of sentencing or final adjudication. Wis. Stat. § 809.30(2)(b). Using the latter date of the amended judgment of conviction as the date of final adjudication, Reitz's conviction became final on September 17, 2013. Reitz had one year from that date to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). He did not file his habeas petition until July 7, 2015. (ECF No. 1.)

**IT IS THEREFORE ORDERED** that Reitz's petition and affidavit to proceed without prepayment of fees or costs is **granted**.

**IT IS FURTHER ORDERED** that Reitz's petition and this action are hereby **dismissed without prejudice**.

Dated at Milwaukee, Wisconsin this 24th day of July, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge